UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 20mj03821 O'Sullivan

UNITED STATES OF AMERICA

v.

JOHN SCHNIDER PENA ARROYAVE,
DAVID CLEMENTE ESTUPINAN CAICEDO,
and JOHN JANER MANCILLA CEBALLOS,

    Defendants,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ___Yes _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___Yes _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? ___Yes _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
Frederic C. Shadley
Assistant United States Attorney
Court ID No. A5502298
11200 N.W. 20th Street
Miami, Florida 33172
(305) 715-7649
(305) 715-7639 (fax)
Frederic.Shadley@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOHN SCHNIDER PENA ARROYAVE,<br>DAVID CLEMENTE ESTUPINAN CAICEDO, and<br>JOHN JANER MANCILLA CEBALLOS,<br><br>*Defendant(s)* | Case No.   20mj03821 O'Sullivan |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __October 2, 2020__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

*Complainant's signature*

DEA Special Agent Brian Smith
*Printed name and title*

Attested to in accordance with the requirements
of Federal Rule of Criminal Procedure 4.1 by __Face Time__

Date:  __10/15/2020__

*Judge's signature*

City and state:  __Miami, Florida__     Hon. John J. O'Sullivan, Chief U.S. Magistrate Judge
*Printed name and title*

20mj03821 O'Sullivan

## **AFFIDAVIT**

I, Brian Smith, being duly sworn, hereby depose and state the following:

1. I am currently assigned as a Special Agent with the Drug Enforcement Administration (DEA), Miami, Florida and have worked in this capacity since November 1998. My official DEA duties include investigating criminal violations of federal narcotics laws. I have also been involved in various types of visual and electronic surveillances, and I have been involved in the debriefing of defendants, witnesses, informants, and others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking. I am familiar with the ways in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing narcotics.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21 and 46 of the United States Code.

3. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint against JOHN SCHNIDER PENA ARROYAVE, DAVID CLEMENTE ESTUPINAN CAICEDO, and JOHN JANER MANCILLA CEBALLOS, for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.

4. This affidavit does not contain the details of every aspect of the investigation, only those necessary to show probable cause for the charged offense. Moreover, the facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other

law enforcement officers involved in this investigation, and my review of records, documents, and other physical items obtained during the course of this investigation.

5. While on routine patrol, a maritime patrol aircraft (MPA) detected a semi-submersible low profile vessel (LPV) approximately 122 nautical miles southwest of Isla De Malpelo, Colombia, in international waters. The United States Coast Guard Cutter Thetis was patrolling nearby and diverted to intercept. The LPV was suspected of illicit maritime activity while operating in a known drug trafficking area. The LPV had no indicia of nationality visible. The Thetis launched its over the horizon small boat with a boarding team which pulled alongside of the LPV. As the boarding team approached, the LPV went dead in the water and the boarding team observed that the LPV was taking on water. The boarding team reported that the LPV was taking on water, and the Thetis authorized the transfer of the three subjects aboard the LPV to the over the horizon small boat. Those subjects were the Defendants, JOHN SCHNIDER PENA ARROYAVE, DAVID CLEMENTE ESTUPINAN CAICEDO, and JOHN JANER MANCILLA CEBALLOS, all Colombian nationals.

6. The boarding team reported that the entire stern of the LPV was submerged and de-watering the vessel was not possible. The boarding team attempted to access the bow of the LPV using axes but was unable to access the bow at that time. Further, due to the sea state at that time, the team was unable to use power tools to access the bow. The boarding team returned the Defendants to the Thetis, and the Thetis remained in visual observation of the LPV overnight. The LPV did not sink overnight.

7. Based on the investigation to that point, including conversations with the Defendants, Coast Guard concluded that the master of the vessel was John SCHNIDER PENA

2

ARROYAVE, a/k/a JOHN SCHNIDER PENA ARRORVAL. PENA ARROYAVE stated he did not know the nationality of the vessel, or the last point of contact with land. As such, the boarding crew was authorized to treat the LPV as a vessel without nationality.

8. The boarding crew returned to the LPV in the morning, and was able to cut a 10" x 10" hole in the hull of the LPV and recover a total of eighteen packages of suspected cocaine. Two of those packages were NIK tested for cocaine with positive results. The cocaine had an approximate sea weight of 22 kilograms. The Defendants were subsequently detained. Due to the condition of the LPV, and the sea, the boarding team was not able to recover more packages. But, the boarding team members did observe that the entire interior of the LPV was loaded with additional packages of suspected cocaine. The Thetis was authorized to sink the vessel as a hazard to navigation due to no suitable tow points and no navigational lights.

9. The three Defendants are being brought to the Southern District of Florida, and are expected to arrive on October 16, 2020. Upon arrival, they will be transferred into law enforcement custody.

*[Intentionally Blank]*

## CONCLUSION

10. Based on the foregoing facts, I submit that probable cause exists to believe that, JOHN SCHNIDER PENA ARROYAVE, DAVID CLEMENTE ESTUPINAN CAICEDO, and JOHN JANER MANCILLA CEBALLOS, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1); all in violation of Title 46, United States Code, Section 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Brian M. Smith
DEA Special Agent

Sworn to me and subscribed before me in accordance with Fed. R Crim. P. 4.1 by FaceTime
this __15th__ day of October, 2020

Hon. John J. O'Sullivan
Chief U.S. Magistrate Judge